**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LILLIAN JOYCE FOSTER,

Plaintiff,

v.

CITY OF LOS ANGELES, ET AL.,

Defendants.

Case No. 2:26-cv-01604-WLH-AJR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge (the "R&R"). On October 22, 2026, Plaintiff filed Objections to the R&R (the "Objections'). The Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objected. Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to alter or modify the R&R for the reasons set forth below.

In her Objections, Plaintiff raises three principal challenges to the R&R. First, Plaintiff disputes the R&R's conclusion that her federal claims are time-barred, arguing that the City's post-demolition actions, including the imposition of demolition and abatement liens, constitute separate injuries requiring a "claim-

specific [statute of] limitations analysis." (Dkt. 23 at 9-10.) However, as the R&R explains, Plaintiff knew of the demolition and her alleged constitutional injuries in 2009, and the subsequent discovery of additional evidence does not postpone accrual. (Dkt. 22 at 7-10). Moreover, the FAC fails to allege facts establishing delayed accrual or equitable tolling, or demonstrating that any separate constitutional claims arising from subsequent administrative actions are timely. Accordingly, Plaintiff's Objections do not undermine the R&R's statute-of-limitations analysis.

Second, Plaintiff challenges the R&R's procedural due process analysis, asserting that she did not receive adequate post-judgment notice of the impending demolition or a meaningful opportunity to object. (Dkt. 23 at 2-5.) Although Plaintiff acknowledges that the stipulated judgment contained demolition authority and waivers, she argues that "the extent of the authorization and waiver must be considered in relation to the action actually taken." (Id. at 6.) However, as the R&R explains, Plaintiff participated in the nuisance-abatement proceedings and executed a stipulated judgment containing abatement provisions. (Dkt. 22 at 11-15.) Plaintiff's alleged lack of separate post-judgment notice and the City's purported failure to follow municipal procedures do not sufficiently establish a Fourteenth Amendment due process violation. Accordingly, Plaintiff's Objections do not undermine the R&R's procedural due process analysis.

Third, Plaintiff challenges the R&R's conclusions regarding her First Amendment retaliation and municipal-liability claims, arguing that the City improperly characterized her property as gang-related and failed to follow established nuisance-abatement procedures. (Dkt. 23 at 12-16.) However, as the R&R explains, the FAC fails to sufficiently allege that Defendants pursued the nuisance-abatement proceedings in retaliation for Plaintiff's protected First Amendment activities. (Dkt. 22 at 15-17.) Likewise, Plaintiff's allegations of procedural irregularities fail to establish a municipal policy or custom, a decision by

a final policymaker, or the requisite causal connection to an underlying constitutional violation under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). (Dkt. 22 at 18-20.) Accordingly, Plaintiff's Objections do not cure the pleading deficiencies identified in the R&R.

Finally, Plaintiff requests leave to file a Second Amended Complaint or submit additional factual allegations. (Dkt. 23 at 1, 14-17.) However, despite receiving notice of the deficiencies in her original Complaint and an opportunity to amend, Plaintiff failed to cure those deficiencies in the FAC or identify additional facts in her Objections that would render her claims timely or otherwise cognizable. Accordingly, the Court agrees with the Magistrate Judge that further amendment would be futile. For the foregoing reasons, Plaintiff's Objections do not warrant rejecting or modifying the R&R. The Court therefore **ACCEPTS AND ADOPTS** the findings, conclusions, and recommendations of the Magistrate Judge and hereby **ORDERS**:

1. Judgment shall be entered **DISMISSING THIS ACTION WITH PREJUDICE** as barred by the statute of limitations and, alternatively, for failure to state a claim for relief.

2. The Clerk shall serve copies of this Order and Judgment herein on Plaintiff at Plaintiff's current address of record, as well as all parties who have appeared in the action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 29, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE